UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN BILLOTTE, et al.,

    Plaintiffs,

v.                                                Case No: 8:08-cv-316-T-23MAP

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

In an action begun in the state court, the plaintiffs sue Geovera Specialty Insurance Company ("Geovera") for payment of a claim on a homeowners insurance policy. The amended complaint states that "[w]hile the policy was in full force and effect, Plaintiffs discovered damage to the home, including progressive physical damage to the walls and floors of the residence." (Doc. 2, ¶ 6) The amended complaint asserts that "[t]he damage to the Plaintiffs' home was caused by a covered peril under the policy" but specifies neither the "peril" nor the nature or amount of the loss. (Doc. 2, ¶ 7) The plaintiffs seek "damages in excess of fifteen thousand dollars ($15,000) exclusive of interest and costs." (Doc. 2, ¶ 1) Geovera removes (Doc. 1) and asserts diversity jurisdiction.

In the notice of removal, Geovera claims that "[t]he attached affidavit of Leonard Oden, Senior Claims Representative for Geovera, establishes that the amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00)." (Doc. 1, ¶ 3) However, the affidavit of Oden states only that "[t]he full value of the

insurance contract the Plaintiffs claim Defendant has breached is in excess of $75,000.00." (Doc. 3, ¶ 5)

The complaint fails to allege damages in excess of $75,000.00, and the affidavit alleges only the "value of the insurance contract," which is irrelevant. No allegation or fact in any paper shows an amount in controversy in excess of $75,000.00. In the absence of a specified damages claim, the removing defendant must demonstrate initially that the amount in controversy satisfies the federal jurisdictional minimum. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). Having overlooked utterly to satisfy facially the jurisdictional threshold, Geovera has failed to meet its burden. Oden's statement that "[t]he full value of the insurance contract the Plaintiffs claim Defendant has breached is in excess of $75,000.00" establishes nothing pertinent. Geovera's reliance on this statement demonstrates either inexcusable neglect or a calculated evasion. In either instance, Geovera fails the pertinent burden, and this case is **REMANDED**. The Clerk is directed to (1) mail a certified copy of this order to the Clerk of the Hernando County Circuit Court pursuant to 28 U.S.C. § 1447(c), (2) terminate all pending motions, and (3) close the file.

ORDERED in Tampa, Florida, on May 8, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE